UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00077-JHM

JERRY R. STUART                                                                    PLAINTIFF

V.

LOWE'S HOME CENTERS, LLC, and
LOWE'S HOME IMPROVEMENT, LLC                                  DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court on Defendants' Motion to Dismiss [DN 8]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

### I. Background

Plaintiff Jerry Stuart brings this action against Defendants, Lowe's Home Centers, LLC and Lowe's Home Improvements, LLC. (Compl. [DN 1-2].) While the Court is to only consider the pleadings at this stage of the litigation, some additional documents the parties have filed will be referenced so as to accurately describe the sequence of alleged events.

On December 9, 2016, Madisonville Police Officer Ethan Horne responded to a call at a Lowe's store on Island Ford Road. (KYIBRS Report [DN 8-2] at 3.) When he arrived, Lowe's manager William Oldham told him that a small plastic bag containing a crystal substance was discovered in an aisle inside the store. (Id.) Officer Horne field tested the substance and confirmed that it was methamphetamine. (Id.) The next day, Officer Horne returned to speak with Lowe's asset protection employee, William Cooper. (Id.) Cooper shared the he was able to locate the suspect who dropped the bag of drugs on video. (Id.) Through footage from the surveillance camera, Officer Horne observed a male in the aisle where the methamphetamine

was located. (Id.) The video showed the subject in the aisle with no one else around him and the bag of methamphetamine fall from his coat pocket onto the ground. (Id.) Officer Horne asked Cooper to follow the subject in order to determine whether he made a purchase. (Id.) Surveillance video showed the subject purchasing a screwdriver and some ballast. (Id.) Cooper was able to obtain the information from the card used to purchase said screwdriver and ballast and advised Officer Horne that the card belonged to Philip Renfro. (Id.)

Officer Horne went to Renfro's home that night to ask whether he had been at Lowe's. (Id.) Renfro shared that he had not been at Lowe's but rather, he had given his credit card to a co-worker named Jerry Stuart in order to purchase a screwdriver and a couple ballast. (Id.)

On December 11, Officer Horne called Jerry Stuart at his home to inquire about whether he had visited the Lowe's. (Compl. [DN 1-2] ¶ 9.) Stuart admitted that he did go to Lowe's in Madisonville, Kentucky, on December 9 to purchase a ballast for his employer with a company credit card. (Id. ¶ 6−7.) However, when Officer Horne then proceeded to question him about the methamphetamine that was discovered, Stuart denied the allegations and told Officer Horne that he did not do drugs and the methamphetamine was not his. (Id. ¶¶ 11–12).

Officer Horne obtained a warrant for Stuart's arrest for Possession of a Controlled Substance 1st Degree 1st Offense (Methamphetamine) from the Hopkins County District Court. (Warrant of Arrest [DN 8-5] at 1). On December 19, Stuart was arrested at his place of business. (Compl. ¶ 12). He was then taken into custody and later released on a personal recognizance bond. (Id. ¶¶ 13–14). The charge was later dismissed with prejudice on December 28. (Id. ¶ 17).

On May 12, 2017, Stuart filed this claim in Hopkins County Circuit Court, alleging negligence, gross negligence, malicious prosecution, slander, slander per se, and intentional infliction of emotional distress by Defendants. (Id. ¶¶19−45.) Defendants removed the lawsuit to

this Court based on diversity of citizenship under 28 U.S.C § 1332. (Notice of Removal [DN 1] at 3). Then, on July 7, Defendants filed this Motion to Dismiss [DN 8]. Defendants contend that the claims against Defendant Lowe's Home Improvement, LLC must be dismiss based on Rule 12(b)(2) as the court lacks personal jurisdiction. (Mot. to Dismiss [DN 8-1] at 7). Further, Defendants ask that all claims be dismissed, alleging that the Stuart has failed to state a claim upon which relief can be granted in accordance with Rule 12(b)(6). (Id. at 9−19.)

## II. PERSONAL JURISDICTION

Defendants first contend that this Court does not have proper personal jurisdiction over one of the Defendants, Lowe's Home Improvement, LLC. In a diversity case, a federal court determines whether personal jurisdiction exists over a non-resident defendant by applying the law of the state in which it sits. Third Nat'l Bank v. WEDGE Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). The Court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." Brunner v. Hampson, 441 F.3d 457, 463 (6th Cir. 2006).

When a district court "rules on a jurisdictional motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996). To defeat this motion to dismiss, the plaintiff needs only to make a prima facie showing of jurisdiction. Id. Furthermore, the court must "not consider facts proffered by the defendant that conflict with those offered by the plaintiff." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002).

Looking first to Kentucky's long-arm statute, the Kentucky Supreme Court has found that the statute requires a two-prong showing before a court can exercise personal jurisdiction over a non-resident. Caesars Riverboat Casino, LLC v. Beach, 336 S.W.3d 51, 57 (Ky. 2011). First, the Court must find that a non-resident's conduct or activities fall within one of nine enumerated provisions in KRS 454.210. If this first prong is satisfied, then the second prong requires the Court to determine if the plaintiff's claim arises from the Defendants' actions. See K.R.S. § 454.210(2)(b) ("When jurisdiction over a person is based solely upon this section, only a claim arising from acts enumerated in this section may be asserted against him."). This requires a showing of "a reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction[.]" Caesars, 336 S.W.3d at 59. This analysis should be undertaken on a case by case basis, "giving the benefit of the doubt in favor of jurisdiction." Id.

In his Complaint, Stuart asserts the following as proof that Defendant Lowe's Home Improvement is subject to personal jurisdiction in Kentucky: "Defendant, Lowe's Home Improvements, LLC . . . . is registered to do business in the Commonwealth of Kentucky, with its registered agent being Corporation Service Company, 421 West Main Street, Frankfort, Kentucky." (Compl. ¶ 4). The Court finds that this does not make a prima facie showing of jurisdiction as it neither invokes any of the enumerated activities from the Kentucky long-arm statute nor proves that the claim arose from Lowe's Home Improvements, LLC's actions.

Further, the Defendants offer undisputed testimony that Lowe's Home Improvements, LLC does not own or operate any stores in Kentucky. (Ridley Aff. [DN 8-6] ¶ 2). This testimony is significant because all of the facts underlying Plaintiff's claim arose from actions of the Lowe's store in Madisonville, Kentucky. The Madisonville Lowe's, which initiated the

investigation that resulted in Plaintiff's arrest, is owned by Lowe's Home Centers, LLC. (Mot. to Dismiss [DN 8-1] at 9). Given that the facts of this case exclusively arose from the Lowe's in Madisonville, Kentucky, it cannot be said that this claim arises from any action of Lowe's Home Improvement, LLC. For this reason, Defendant Lowe's Home Improvements, LLC is dismissed for lack of personal jurisdiction.

### III. FAILURE TO STATE A CLAIM

Plaintiff Jerry Stuart brings six claims against Defendant Lowe's Home Centers, LLC (hereinafter, "Lowe's"): malicious prosecution, negligence, gross negligence, slander, slander per se, and intentional infliction of emotional distress.

**Standard of Review**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"

Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted).

**Malicious Prosecution**

Stuart alleges that Lowe's instituted criminal proceedings against him "with legal malice and without probable cause," constituting malicious prosecution. (Compl. ¶ 28). A malicious prosecution action may be established by showing that: (1) the defendant initiated, continued, or procured a criminal or civil judicial proceeding, or an administrative disciplinary proceeding against the plaintiff; (2) the defendant acted without probable cause; (3) the defendant acted with malice, which, in the criminal context, means seeking to achieve a purpose other than bringing an offender to justice; and in the civil context, means seeking to achieve a purpose other than the proper adjudication of the claim upon which the underlying proceeding was based; (4) the

proceeding, except in ex parte civil actions, terminated in favor of the person against whom it was brought; and (5) the plaintiff suffered damages as a result of the proceeding. Martin v. O'Daniel, 507 S.W.3d 1, 11–12 (Ky. 2016).

Lowe's argues that this claim must be dismissed as Stuart has not sufficiently alleged that Lowe's lacked probable cause or acted with malice. The Court agrees.

In order to show malice, Stuart must show that Lowe's sought to achieve a purpose other than bringing an offender to justice. In his Complaint, Stuart offers no such evidence. The Complaint does not even present facts that would allow the Court to infer the possibility of misconduct. Rather, the Complaint only makes a conclusory statement that "Defendant instituted the criminal process against Plaintiff with legal malice." (Compl. ¶ 28.)

Further, while Stuart alleges that Lowe's lacked probable cause, he offers no facts to support that conclusion. Rather, evidence presented in his Complaint indicates that there was probable cause for the criminal proceedings against him. Stuart's Complaint references his Arrest Warrant which was obtained based on Officer Horne's testimony of the surveillance footage and credit card records provided by Lowe's. (Compl. ¶ 12.) The Hopkins County District Court Judge found the officer's affidavit presented sufficient probable cause to issue a warrant for Stuart's arrest. Stuart makes no attempt to dispute any of these facts or allege in any way that the information contained in the affidavit was false. Because the same evidence led Lowe's to initiate the criminal process against Stuart, it cannot be said that Lowe's lacked probable cause.

Because Stuart does not adequately plead that Lowe's acted with malice or lacked probable cause, his malicious prosecution claim is dismissed.

**Negligence and Gross Negligence**

Both parties acknowledge the principle that a "plaintiff may not avoid the higher standards of malicious prosecution claims by bringing negligence claims against the defendant under the same facts that constitute his other claims." Bertram v. Federal Express Corp., No. 05-28-C 2008 WL 170063, *7 (W.D. Ky. Jan. 17, 2008). This would preclude Stuart's negligence claim. However, Stuart argues that this does not preclude a claim for gross negligence.

A negligence claim requires proof that (1) the defendant had a duty; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's injuries; and (4) those injuries resulted in damage to the plaintiff. Helton v. Montgomery, 595 S.W.2d 257, 258 (Ky. App. 1980). To elevate a negligence claim to gross negligence requires that a plaintiff also show that the defendant acted with "wanton or reckless disregard for the safety of other persons." Gersh v. Bowman, 239 S.W.3d 567, 572 (Ky. Ct. App. 2007).

The Court finds that Stuart cannot proceed on a claim of negligence or gross negligence as the Complaint does not offer any evidence that Lowe's breached a duty. The breach of duty alleged in the Complaint is that Lowe's "conducted an investigation with a lack of training, diligence, proper technology and safeguards, resulting in the Plaintiff's wrongful arrest." (Compl. ¶ 20.) Yet, conducting this type of investigation does not necessarily constitute a breach of duty even when there is a duty to protect. For example, Kentucky courts have held that there is typically no cause of action for holding police officers liable for negligent investigation. Grant v. City of Raceland, No. 2012-CA-001105-MR, 2014 WL 3020383, *2 (Ky. Ct. App. July 3, 2014). And for businesses, Lowe's correctly states that there is no duty to "thoroughly and completely investigate a matter before reporting a suspected crime to the police." Bertram, at *6.

The Court cannot conclude that Lowe's breached a duty to Stuart when it reported the discovery of drugs to the police and assisted officers in the subsequent investigation. Because he has failed to plead any legitimate breach of duty, Stuart's negligence and gross negligence claims are dismissed.

**Slander and Slander Per Se**

Stuart also claims that Lowe's wrongfully identified him for the crime of felony drug possession, "resulting in slanderous and defamatory statements being communicated to the Plaintiff's employer, members of the community and the Madisonville Police Department." (Compl. ¶ 38). Further, Stuart claims, "damages are inferred due to the nature of the communication, a criminal offense, making this claim per se." (Id. ¶ 34).

Slander is spoken defamation. Stringer v. Wal-Mart Stores, Inc., 151 S.W.3d 781, 793 (Ky. 2004). Under Kentucky law, a defamation claim requires proof of (1) a defamatory statement; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation. Id. "Although precise quotations are not required, it is impossible to establish either element of the claim without identifying at least the general contours of the statement." Tucker v. Heaton, 2015 WL 3935883. In addition, damages can be presumed if slander is categorized as slander per se. Kentucky courts recognize slander per se when a defendant charges the plaintiff with "unfitness to perform the duties of an office, occupation or employment, or having a tendency to prejudice a person in his trade, calling, or profession." Hill v. Evans, 258 S.W.2d 917, 918 (Ky. 1953).

Stuart brings a claim of slander and slander per se against Lowe's claiming its wrongful identification resulted in "defamatory statements being communicated to the Plaintiff's employer, members of the community and the Madisonville Police Department." (Compl. ¶ 38).

But Lowe's is correct that it is immune from liability from those statements made during or in anticipation of a judicial proceeding. See Tanner v. Stevenson, 128 S.W. 878, 881 (Ky. 1910). Thus, Lowe's can only be liable for slander for statements it published which were not made within the course of a police investigation. According to the facts as they are presented in the Complaint, the only false statement actually made by Lowe's were those wrongly identifying Stuart as the person who brought drugs into the store. Yet those statements cannot give rise to liability for slander because they were made within the course of assisting a police investigation, rendering them immune. The Complaint alleges that presumably other slanderous and defamatory statements were made to Plaintiff's employer and members of the community as a result of Lowe's identification of Plaintiff as the suspect, but the Complaint fails to attribute any of those statements to Lowe's employees. Therefore, the facts alleged in the Complaint fail to state a claim of slander against Lowes, and those claims are dismissed.

**Intentional Infliction of Emotional Distress**

Lowe's also argue that Plaintiff cannot meet the high threshold required for a claim of intentional infliction of emotional distress. In Kentucky, a claim for intentional infliction of emotional distress is also known as the tort of outrage. Humana of Kentucky, Inc. v. Seitz, 796 S.W.2d 1, 3 (Ky. 1990). To prevail on a claim of intentional infliction of emotional distress, or outrage, a plaintiff must show that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there is a causal connection between the conduct and the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff is severe. Gilbert v. Barkes, 987 S.W.2d 772, 777 (Ky. 1999); Kroger Co. v. Willgruber, 920 S.W.2d 61, 43 (Ky. 1996). This claim is only reserved for especially serious cases. "Distress that does not significantly affect the plaintiff's everyday life or require significant treatment will not

suffice." Osbourne v. Keeney, 399 S.W.3d 1, 17 (Ky. 2012). Rather, "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Seitz, 796 S.W.2d at 3 (citing Restatement (Second) Torts, § 46 Comment d).

Stuart's intentional infliction of emotional distress claim must be dismissed as the Complaint does not allege any extreme or outrageous conduct. In his Complaint, Stuart only alleges that Lowe's initiated an investigation based on video surveillance footage and credit card records which falsely identified him as having committed a crime. (Compl. ¶ 12). Stuart argues, "Defendant knew or should have known that an innocent customer being arrested, strip searched and facing five (5) years in prison would logically and naturally cause extreme emotional distress." (Id. ¶ 43.) The Court does not find that a business initiating an investigation upon discovering drugs on its premises to be extreme or outrageous. Despite the fact that Stuart suffered emotionally from his false accusation and subsequent arrest, it cannot be said that this was due to extreme and outrageous conduct by the Lowe's.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 26, 2017

cc: counsel of record